UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN SMITH                                              CIVIL ACTION

VERSUS                                                  NO. 13-4683

REPUBLIC FIRE & CASUALTY                                SECTION "C" (3)
INSURANCE CO.


<u>ORDER</u>

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 4.  Before the Court are memoranda by the parties on this issue. Rec. Docs. 8, 9.  Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of

1

the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

In response to the Court's order that: "A copy of the proof of loss shall be provided, along with affirmative proof as to the amount of loss," (Rec. Doc. 4), defendant relied on plaintiff's pre-suit demand letter asking for $77,838.01. Rec. Doc. 8 at 4. Defendant cites to *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), to argue that the Fifth Circuit allows a defendant to use a demand letter to demonstrate the amount in controversy. In *Greenberg*, the Court ruled that pre-complaint evidence of the potential claim such as a plaintiff asking for "all damages available" and "any penalties and interest" meant that the statutory penalty could be added to the amount of actual damages to find the amount in controversy. *Id.* Here, the Court asked for affirmative proof of the actual damages to make the calculation. Defendant did not provide affirmative proof. Rec. Doc. 8. Although the demand letter asks for the amount due under the policy plus a "50 % Penalty for §22:1892 Violations," "Two-Times Damages for §22:1973 Violations" and "Attorney Fees," even if the Court calculates the amount in controversy based on the policy plus the amount of alleged statutory damages due, only with attorney fees does the total come to over $75,000. Rec. Doc. 1-5 at 2. Attorney's fees may only be included in calculating the amount in

controversy when a state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 873-74 (5th Cir. 2002). Defendants have not plead that to be the case here. Rec. Doc. 8. From the documentation, provided only as an exhibit to the complaint, the demand for attorney's fees appears to be an amount demanded in order to secure settlement rather than based on a statutory mandate. *Id.*; Rec. Doc. 1-5 at 8.

Furthermore, plaintiff has provided affirmative proof of the amount of loss. Rec. Doc. 9-1 at 8. The affirmative proof demonstrates that the amount of loss did not exceed the sum of $75,000. 28 U.S.C. § 1332.

The Court does not find that the jurisdictional minimum is met. In addition, the court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Judicial District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 28th day of June, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**